UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEPHANIE GILMORE, DARRYL GILMORE,

                                        Plaintiffs,

-against-

TROY HOUSING AUTHORITY, JOHN DOE U.S.
MARSHALS, NYPD, U.S. MARSHAL MIKE WARNER,
TROY HOUSING AUTHORITY OFFICER
MCLAUGHLIN,

                                        Defendant.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

16-CV-1048 (DNH) (DJS)

Jury Trial Demanded

------------------------------------------------------------------------ x

Defendant New York City Police Department ("NYPD")[1] (hereinafter "defendant"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows[2]:

      1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

      2.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "2" of the complaint.

---

[1] The New York City Police Department ("NYPD") is a non-suable entity. See N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); see also Jenkins v. City of New York, 478 F.3d 76, 93 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency of the City.").

[2] Upon information and belief, and according to the docket sheet in this matter, to date, purported defendant Officer Jason Garcia has not been served with a copy of the summons and complaint. Additionally, based on a review of the complaint and the docket, it is unclear whether Officer Jason Garcia is actually a purported defendant in this case.

3. Denies the allegations set forth in paragraph "3" of the complaint and all its subparts, except admits that plaintiffs purport to bring this action as stated therein.

4. Denies the allegations set forth in paragraph "4" of the complaint.

5. Denies the allegations set forth in paragraph "5" of the complaint and all its subparts.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purport to seek the relief stated therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

7. The complaint fails to states a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

8. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

9. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

10. Plaintiffs cannot obtain punitive damages as against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

11. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City of New York is entitled to governmental immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

12. Plaintiffs provoked any incident.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

13. To the extent plaintiffs allege claims under State law, such claims may be barred, in whole or in part, because plaintiffs may have failed to comply with the provisions of New York General Municipal Law §§ 50(e), (h) and (i).

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

14. This action may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

15. Plaintiffs failed to mitigate their damages.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

16. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

17. The NYPD is a non-suable entity.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

18. To the extent any force was used, such force was reasonable, necessary and justified.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

19. Plaintiffs have failed to state a viable Monell claim under Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978).

**WHEREFORE,** defendant NYPD requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	February 3, 2017

                                   ZACHARY W. CARTER
                                   Corporation Counsel of the
                                       City of New York
                                   *Attorney for Defendant City of New York*
                                   100 Church Street, Room 3-308A
                                   New York, New York 10007
                                   (212) 356-5056

                           By:	/s/
                                   Erin Ryan
                                   Assistant Corporation Counsel
                                   Special Federal Litigation

cc:	Stephanie Gilmore (By First Class Mail)
	*Plaintiff Pro Se*
	612 Griswald Heights
	Troy, New York 12180

     Darryl Gilmore (By First Class Mail)
	*Plaintiff Pro Se*
	612 Griswald Heights
	Troy, New York 12180

     John W. Liguori (By ECF)
	*Attorney for defendants Troy Housing Authority, McLaughlin*
	Towne, Ryan Law Firm – Albany Ofice
	450 New Karner Road
	P.O. Box 15072
	Albany, New York 12205

16-CV-1048 (DNH) (DJS)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STEPHANIE GILMORE, DARRYL GILMORE,

                Plaintiffs,

-against-

TROY HOUSING AUTHORITY, JOHN DOE U.S. MARSHALS, NYPD, U.S. MARSHAL MIKE WARNER, TROY HOUSING AUTHORITY OFFICER MCLAUGHLIN,

                Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Erin Ryan*
*Tel: (212) 356-5056*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2017*

*........................................................................ Esq.*

*Attorney for ............................................................*